UNION NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30264. Promulgated December 11, 1929.

*H. H. Shelton, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

470

## OPINION.

BLACK: Section 234 (a) (1) of the Revenue Act of 1921 provides that in computing net income there shall be allowed as deductions all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. It is contended by the petitioner that the item of $15,000 paid by it to the Mechanics Bank & Trust Co. in 1922 and a similar payment of $20,000 made in 1923 were such expenses as contemplated by the statute above cited and should have been allowed as proper deductions by the Commissioner in the respective years mentioned. We do not agree with this contention. The amounts paid by the taxpayer corporation in this business transaction were not expenditures constituting ordinary and necessary expenses of doing business within the meaning of the statute above cited, but were capital expenditures in payment of assets in the nature of valuable custom or good will and therefore do not constitute allowable deductions.

We think that the contract of the parties, which has been set out in full in our findings of fact herein, clearly shows that the $35,000 agreed to be paid was a capital investment. After reciting the assets and liabilities which were to be transferred to the petitioner, the contract says:

\* \* \* We to give you in consideration for this business thirty-five Thousand Dollars ($35,000), Fifteen Thousand Dollars ($15,000) of which is to be paid on June 1st, 1922, the balance of Twenty Thousand Dollars ($20,000) to be paid on or before January 10, 1923.

If petitioner had not believed that it was purchasing assets of value equal to the amount paid in getting 3,500 new deposit accounts on its books by means of the transfer, it certainly would not have paid $35,000 therefor.

Petitioner's income-tax return for 1922, in setting up the item of $15,000 as a deduction for that year, enters it as follows: " Part payment on contract for accounts and business of Mechanics Bank & Trust Company, Knoxville, Tennessee, $15,000." A similar entry for the $20,000 item of deduction was made in 1923. Certainly the language used in these entries shows that petitioner recognized that in purchasing these accounts and business it was purchasing assets of value. Indeed, the language in the contract which we have already quoted shows that it was a purchase and not an expense within the meaning of the statute.

In view of our interpretation of this transaction, we hold that the respondent made no error in refusing to allow these deductions of $15,000 and $20,000 in the respective years 1922 and 1923. Cf. *First National Bank of St. Louis, Mo.*, 3 B. T. A. 807; *Liberty Insurance Bank*, 14 B. T. A. 1428.

Petitioner further alleges that it suffered a deductible loss on notes of the Columbia Graphophone Co., but it appeared at the hearing that this item had been satisfactorily adjusted. No decision is required on that item.

*Judgment will be entered under Rule 50.*